

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:09CR 44 |
| | ) | |
| | ) | BILL OF INFORMATION |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| | ) | |
| CHRISTINA H. CLARK | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1956(h) |

THE UNITED STATES ATTORNEY CHARGES:

At the specified times and at all relevant times:

1. Defendant CHRISTINA H. CLARK ("CLARK") was a licensed real estate agent employed by a real estate agency located in Monroe, North Carolina. CLARK also controlled "Unique Tanning, Inc." (a/k/a "Unique Tanning Salon, Inc.") and "Unique Interiors," as well as bank accounts in the names of such entities.

2. There were several mortgage fraud cells operating in and around Union and Mecklenburg Counties in North Carolina. The mortgage fraud cells primarily targeted, among others, the neighborhoods of Providence Downs South, Woodhall, Chatelaine, Skyecroft, Firethorne, Piper Glen, and Stratford on Providence.

3. CLARK was a real estate agent for, and a member of, Mortgage Fraud Cell No. 1 and Mortgage Fraud Cell No. 2.

4. The mortgage fraud cells generally operated in the following manner:

   a. One member of the cell would agree with a builder to purchase a property at a set price (the "true price").

   b. The mortgage fraud cell would then arrange for a buyer to purchase the property at an inflated price, which was usually between $200,000 and $500,000 above the true price.

   c. The builder would sell the property to the buyer at the inflated price.

   d. The lender would make a mortgage loan on the basis of the inflated price;

1



Case 3:09-cr-00044-FDW-DSC    Document 1    Filed 03/04/09    Page 1 of 5

e. The difference between the inflated price and the true price would be extracted at closing and distributed among members of the cell.

5. To induce lenders to make mortgage loans, some participants in the mortgage fraud cells caused loan packages to be prepared and submitted to lenders that contained false and fraudulent representations and half-truths, and omitted or concealed material facts.

Indeed, some loan packages at various times during the course of the scheme:

a. Failed to disclose the true, agreed-upon price;

b. Misrepresented the buyers' income or assets;

c. Misrepresented the buyers' place of employment;

d. Misrepresented the buyers' intent to occupy the home as their primary residence;

e. Misrepresented the true source of the down payment supposedly being provided by the buyer; and

f. Contained false or forged documents.

6. The HUD-1 Settlement Statements associated with such loan packages and real estate closings also contained false and fraudulent representations, half-truths, and omitted or concealed material facts.

Indeed, some HUD-1 Settlement Statements at various times during the course of the scheme:

a. Failed to disclose the true agreed upon price;

b. Falsely stated that the buyer had provided a down-payment when the buyer had not provided a down-payment or would be reimbursed for same;

c. Failed to accurately disclose the true disposition of the mortgage loan proceeds;

d. Fraudulently listed payments to entities controlled by members of the mortgage fraud cell as though such payments were to entities that had financed the building of or had assisted the builder in building the house; and

e. Failed to disclose that the buyer would directly or indirectly receive a portion of the mortgage loan proceeds.

2

7. The closing attorneys received into their trust accounts the proceeds of the fraud and distributed such proceeds to members of the mortgage fraud cells, who then typically engaged in further financial transactions with such proceeds to further their schemes.

## COUNT ONE
## 18 U.S.C. § 371
### (Cell No. 1: Mortgage Fraud Conspiracy)

8. The United States Attorney realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 7 of the Bill of Information, and further alleges that:

9. From in or about January 2007 through in or about July 2007, in Mecklenburg and Union Counties, within the Western District of North Carolina, and elsewhere, the defendant,

### CHRISTINA H. CLARK

did knowingly combine, conspire, confederate, and agree with members of Mortgage Fraud Cell No. 1 and others known and unknown to the United States Attorney, to commit offenses against the United States, including violations of Title 18, United States Code, 1014 (making a false statement in relation to a loan), 1341 (mail fraud), 1343 (wire fraud), and 1344 (bank fraud).

### Manner and Means

10. The defendant and other members of Mortgage Fraud Cell No. 1 carried out the conspiracy in the manner and means described in paragraphs 1 through 7 of this Bill of Information, among others.

### Overt Acts

11. In furtherance of the conspiracy, and to accomplish the objects thereof, CLARK and her co-conspirators committed one or more overt acts in the Western District of North Carolina and elsewhere.

## COUNT TWO
## 18 U.S.C. § 371
### (Cell No. 2: Mortgage Fraud Conspiracy)

12. The United States Attorney realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 7 of the Bill of Information, and further alleges that:

13. From in or about November 2006 through in or about July 2007, in Mecklenburg and Union Counties, within the Western District of North Carolina, and elsewhere, the

defendant,

## CHRISTINA H. CLARK

did knowingly combine, conspire, confederate, and agree with members of Mortgage Fraud Cell No. 2 and others known and unknown to the United States Attorney, to commit offenses against the United States, including violations of Title 18, United States Code, 1014 (making a false statement in relation to a loan), 1341 (mail fraud), 1343 (wire fraud), and 1344 (bank fraud).

### Manner and Means

14. The defendant and other members of Mortgage Fraud Cell No. 2 carried out the conspiracy in the manner and means described in paragraphs 1 through 7 of this Bill of Information, among others.

### Overt Acts

15. In furtherance of the conspiracy, and to accomplish the objects thereof, CLARK and her co-conspirators committed one or more overt acts in the Western District of North Carolina and elsewhere.

## COUNT THREE
## 18 U.S.C. § 1956(h)
## (Cell No. 1: Money Laundering Conspiracy)

16. The United States Attorney realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 7 of the Bill of Information, and further alleges that:

17. Beginning in or about January 2007 and continuing until in or about July 2007, in Mecklenburg and Union Counties, within the Western District of North Carolina, and elsewhere, the defendant,

## CHRISTINA H. CLARK

did knowingly combine, conspire, confederate, and agree with members Mortgage Fraud Cell No. 1 and others known and unknown to the United States Attorney, to engage in a monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

4

## COUNT FOUR
## 18 U.S.C. § 1956(h)
### (Cell No. 2: Money Laundering Conspiracy)

18. The United States Attorney realleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 7 of the Bill of Information, and further alleges that:

19. Beginning in or about November 2006 and continuing until in or about July 2007, in Mecklenburg and Union Counties, within the Western District of North Carolina, and elsewhere, the defendant,

**CHRISTINA H. CLARK**

did knowingly combine, conspire, confederate, and agree with members of Mortgage Fraud Cell No. 2 and others known and unknown to the United States Attorney, to engage in a monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

GRETCHEN C.F. SHAPPERT
UNITED STATES ATTORNEY

*(signature)*
KURT W. MEYERS
ASSISTANT UNITED STATES ATTORNEY

5