# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cr44

| | |
|---|---|
| CHRISTINA CLARK, | ) |
| Petitioner, | ) |
| | ) |
| Vs. | ) **AMENDED ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the court on petitioner's letter (#25) received by the court on August 5, 2011, and transferred to the undersigned for consideration on September 14, 2011. The court construes as a motion to defer the restitution payments that she is required to make through the Inmate Financial Responsibility Program ("IFRP").

The Bureau of Prisons has the authority to place a defendant in the IFRP based on the wording contained in the criminal judgment. See United States v. Watkins, 161 F. App'x 337, 337 (4th Cir. 2006); Bramson v. Winn, 136 F. App'x 380, 381 (1st Cir. 2005). Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002). While *this* court can afford petitioner no relief, the court will strongly recommend that petitioner work with her case manager on this matter. Once she has exhausted those remedies, she may make application to the United States Court for the Southern District of West Virginia, which is

-1-

the district in which she is housed.

# O R D E R

**IT IS, THEREFORE, ORDERED** that petitioner's letter, deemed to be a Motion to Modify Sentence (#25) is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: September 19, 2011

Max O. Cogburn Jr.
United States District Judge